PONSOR, Senior District Judge,
dissenting:
The government in this case perpetrated at least two serious violations of Hernan *717 dez’s rights, one at his plea colloquy and one at his sentencing. These, in my view, require remand.
First, at the plea colloquy, the government explicitly ratified critical misinformation the judge gave Hernandez regarding his potential maximum sentence. Government counsel agreed with the court’s erroneous advice that Hernandez would be permitted to withdraw his plea, pursuant to Fed.R.Crim.P. 11(c)(5)(B), if he received a sentence above a 135 months. In fact, he faced, and ultimately received, a 180-month prison term without any opportunity to withdraw his plea. Second, at the sentencing, the government violated the promise it made in the plea agreement not to argue for a term of imprisonment above the 108-to-135-month sentencing guideline range, by urging the district court to impose a term of 180 months.
On the first point, the transcript of the plea colloquy could hardly be clearer. The district judge addressed Hernandez as follows:
You and the government have entered into what we sometimes call a “binding plea agreement.” In the agreement, you and the government have agreed to a specific sentence or a specific sentencing range. I believe that’s at page 19 of the agreement. And that the sentencing range is between 108 and 135 months.
Is that correct, Mr. Geragos?
Mr. Geragos [defense counsel]: Yes, your Honor.
The Court: Is that correct, [government counsel]?
[Government counsel]: That is the sentencing range we stipulated to.
The Court: Mr. Hernandez, do you understand that the court is not bound to accept the terms of the agreement unless I elect to accept the agreement? Defendant Hernandez: Yes, I understand.
The Court: And do you understand that if I choose not to follow the terms of the agreement with respect to that sentencing -range, after I review the presen-tence report, which hasn’t been prepared yet, I’ll give you the opportunity to withdraw your plea of guilty? Defendant Hernandez: I understand. The Court: And do you understand that if you choose not to withdraw your plea, I may impose a more severe sentence than that sentencing range?
Defendant Hernandez: Yes, your Hon- or.
While it is true that the written plea agreement referred to a possible prison term of up to 180 months — outside the agreed sentencing guideline range — not one word regarding that possibility was ever uttered by the district judge in his oral remarks to Hernandez. Instead, as the transcript makes clear, the district judge told Hernandez that he would receive a sentence of no more than' 135 months, or be allowed to withdraw his plea. More significantly, though she must have recognized, or at least should have recognized, the court’s misstatement, government counsel confirmed the error.
The Fourth Circuit has addressed precisely this situation in terms that I believe are self evident.
Because the purpose of the plea colloquy is to establish that the defendant knowingly and voluntarily entered his plea, he will naturally, and quite reasonably, rely on the district court’s characterization of the material terms disclosed during the hearing. As a consequence, where a district court’s mischaracterization of a material term is sufficiently pervasive to alter a defendant’s understanding of the terms of his plea, the Government’s affirmative acquiescence in the court’s explanation can serve to modify the terms of the plea agreement.
*718 United States v. Wood, 378 F.3d 342, 349 (4th Cir.2004) (emphasis in original) (citations omitted).
It is fundamentally wrong to tell a defendant at the time of his plea that there is a binding range of 108 to 135 months and then give him 180 months at sentencing. For this reason alone I would remand.
This violation of Hernandez’s rights at the plea colloquy was compounded by the government’s blatant violation of the plea agreement during the sentencing hearing. The plea agreement, at paragraph 15, calculated the sentencing guideline range at 108 to 135 months. The final sentence of .the paragraph, coming directly after this calculation stated: “The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.” Despite this language, the government argued both in writing and orally for a departure above the agreed range, urging the court to impose a sentence of 180 months.
The government now contends that the reference to a “departure” was a lapsus linguae and that the term “variance” was intended. First of all, in this context, the distinction strikes me as a cynical quibble. A plea agreement prohibiting the government from arguing for a “departure” above the guideline range, while allowing it to argue for the very same enhanced sentence by using the label “variance,” gives a defendant next to nothing. More importantly, and at the risk of repetition, the government attorney in fact repeatedly used the term “departure” itself. The court should not permit the government to retreat from its own words in this way.
The government’s argument that defense counsel failed to preserve his objection to the government’s breach does not, for -me, hold water. At the sentencing hearing, defense counsel stated, clumsily but explicitly, that “the problem — that is precisely why in the discussions that we had prior to this, that it was our position that they were breaching the agreement by urging the departure.” While he might have pressed his objection more articulately, more forcefully, and more frequently, defense counsel’s “problem” with the government’s position was made clear to the court. The objection, for me, was sufficiently preserved.
Finally, while it is true that the plea agreement in this case contained a waiver of appeal, it is well established that an appeal waiver does not preclude an appeal based on a breach.of the plea agreement containing the waiver. United States v. Gonzalez, 981 F.2d 1037, 1041 (9th Cir.1992). Particularly where the government’s breach was so flagrant, I cannot agree that any waiver justifies dismissal of this appeal.
Under these circumstances, I believe the case should be remanded to a new district judge with instructions either to impose a sentence of no more than 135 months, or to allow Hernandez to withdraw his guilty plea.
For these reasons, I respectfully dissent.